UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> -vs-<br><br>PABLO ANTONIO NAVA-ESPINOSA,<br><br>      Defendant. | No. 2:12-CR-2015-WFN-1<br><br>ORDER |

   Pending before the Court is Defendant's Motion for a Second Reconsideration to Grant Reduction of Sentence . . . . ECF No. 99. Defendant asks that the Court reconsider denial of his request for a two level reduction pursuant to Amendment 782. Though ultimately Defendant is not entitled to relief, the Defendant demonstrates understandable confusion regarding the applicability of *Johnson v. United States*.

   In the Court's Order denying Defendant's request for a two level reduction, the Court indicated that Defendant is ineligible for the reduction because he was sentenced pursuant to the Career Offender Guideline rather than the drug quantity table. *Johnson* addresses the residual clause in 18 U.S.C. § 924. The Supreme Court determined that when defining a crime of violence under the Armed Career Criminal Act [ACCA] the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another" cannot be applied in a consistent and fair manner, so struck that phrase from the statute. The United States Sentencing Guidelines adopt the same definition for a crime of violence as the ACCA for the purposes of application of the Career Offender Guideline found at § 4B1.1. The Court has not yet determined whether the Supreme Court's decision in *Johnson* applies to application of the Career Offender Guideline. However, even if the Court determined it did, such a decision would not be helpful to Defendant. Defendant's two predicate convictions qualifying him as a Career Offender were drug trafficking

ORDER - 1

crimes, not crimes of violence. *Johnson* has no effect on application of Career Offender for defendants convicted of prior drug trafficking crimes. The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Motion for a Second Reconsideration . . . , filed August 12, 2016, **ECF No. 99**, is **GRANTED**. The Court reconsidered the merits of Defendant's Motion to Reduce Sentence in light of *Johnson*, but determines that the original decision was correct, so Defendant's Motion to Reduce Sentence is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 13th day of September, 2016.

             <u>s/ Wm. Fremming Nielsen</u>
             WM. FREMMING NIELSEN
09-12-16         SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2